GAUDIN, Judge.
Jefferson Parish fireman Dan Hughes was hurt on February 27, 1990 while off duty in Mississippi. His right arm was seriously injured, rendering him unfit for normal firefighting duties.
After exhausting accumulated sick and annual leave benefits, Hughes was placed on leave without pay. He then requested an additional 52 weeks of sick leave pursuant to R.S. 33:1995, which states:
“Every fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.”
When his request for extra benefits was denied, Hughes filed this petition for mandamus against the Parish of Jefferson and its fire department superintendent. Joining Hughes as petitioners were members of the Jefferson Parish Firefighters Association Local 1374, AFL-CIO.
The defendants filed exceptions of no cause or right of action. The trial judge sustained the exception of no cause of action. We affirm.
The provisions of Article 6, Section 14 of the Louisiana Constitution of 1974 are applicable. The section, in pertinent part, reads:
“No law requiring increased expenditures for wages, hours, working conditions, pension and retirement benefits, vacation, or sick leave benefits of political subdivision employees, except a law providing for civil service, minimum *1063 wages, working conditions, and retirement benefits for firemen and municipal policemen, shall become effective until approved by ordinance enacted by the governing authority of the affected political subdivision or until the legislature appropriates funds for the purpose to the affected political subdivision and only to the extent and amount that such funds are provided.”
Jefferson Parish does have an ordinance pertaining to special sick leave but the fireman must be injured while on duty. Parish Ordinance No. 15135, Section 4.2 is as follows:
“In addition to the sick leave accumulation provided in Section 3 above, each uniformed firefighting employee who, as a normal duty requirement, may be required to engage in firefighting or fire prevention, or, as part of his duties, be required to be in attendance on the scene of a fire, (as distinguished from support services such as custodial, record keeping, etc.) shall be granted a ‘bank’ of fifty-two (52) calendar weeks of special sick leave to be used only in cases of injuries sustained while on duty, if such injuries are compensable under State workman compensation laws. This special sick leave may be used only on the basis of a full report of the injury submitted to the Director in the manner and on the forms prescribed by the Appointing Authority. The 52-week sick leave ‘bank’ shall be renewed on January 1 of each calendar year; except that, under no circumstances may an employee be covered by the sick leave ‘bank’ for more than 52 weeks for any one injury.”
The other constitutional method of obtaining increased sick leave benefits (in addition to local ordinance) is by and through legislature funding. The legislature has not acted in this regard.
Accordingly, the district judgment is affirmed with appellants to bear costs of this appeal.
AFFIRMED.