Dear Mr. Lancaster:
You have requested an opinion of the Attorney General regarding the applicability of Article VI, Section 14 of the 1974 Louisiana Constitution, as amended by Act 1066 of the 1991 Regular Session of the Louisiana Legislature to potential expenditures by the Tensas Parish Police Jury.
You state that, subsequent to a recent inspection, the Louisiana Office of State Fire Marshall (OSFM) issued an Order of Change directing the parish to repair or replace a vent hood and duct system, including an automatic fire extinguishing system, in the parish jail's kitchen. In addition, the Louisiana Department of Environmental Quality (DEQ) issued a regulation mandating the parish to install a groundwater collection system at the parish's solid waste landfill. You further explain that the State's landfill regulation, in some respects, exceeds the landfill regulations promulgated by the United States Environmental Protection Agency.
You specifically ask whether the police jury can avoid making the expenditures under Article VI, Section 14. It provides:
§ 14. Increasing Financial Burden of Political Subdivisions
 Section 14. (A) No law or state executive order, rule, or regulation requiring increased expenditures for any purpose shall become effective within a political subdivision until approved by ordinance enacted, or resolution adopted, by the governing authority of the affected political subdivision or until, and only as long as, the legislature appropriates funds for the purpose to the affected political subdivision and only to the extent and amount that such funds are provided, or until a law provides for a local source of revenue within the political subdivision for the purpose and the affected political subdivision is authorized by ordinance or resolution to levy and collect such revenue and only to the extent and amount of such revenue. This Section shall not apply to a school board.
(B) This Section shall not apply to:
 (1) A law requested by the governing authority of the affected political subdivision.
 (2) A law defining a new crime or amending an existing crime.
 (3) A law enacted and effective prior to the adoption of the amendment of this Section by the electors of the state in 1991.
 (4) A law enacted, or state executive order, rule, or regulation promulgated, to comply with a federal mandate.
 (5) A law providing for civil service, minimum wages, hours, working conditions, and pension and retirement benefits, or vacation or sick leave benefits for firemen and municipal policemen.
 (6) Any instrument adopted or enacted by two-thirds of the elected members of each house of the legislature and any rule or regulation adopted to implement such instrument or adopted pursuant thereto.
 (7) A law having insignificant fiscal impact on the affected political subdivision."
As can be gleaned from the above, no law, rule, or regulation requiring increased expenditures for any purpose shall become operative within a political subdivision unless certain conditions exist. Said conditions include an appropriation of moneys by the state legislature to fund the expenditure, or the existence of a law providing for a local source of revenue within the political subdivision with an authorization by ordinance or resolution permitting the political subdivision to levy and collect such revenue.
Paragraph (B) enumerates seven exceptions to the bar against increased expenditures.
With regard to your question concerning implementation of the OSFM Order of Change, we have been advised by representatives of OSFM and the parish that the vent hood, duct system, and automatic fire extinguishing system have been purchased and made operational. Therefore, this issue is moot. We turn now to the DEQ regulation calling for the installation of a groundwater collection system.
One of the exceptions to Article VI, Section 14(A), which we believe is relevant to the disposition of your inquiry, is found at Section 14(B)(4). It provides that Section 14 shall not apply to "A law enacted, or state executive order, rule, or regulation promulgated, to comply with a federal mandate". Thus, to the extent DEQ's regulations relating to the groundwater collection system seek compliance with federal regulations for landfills, they must be implemented (i.e., the expenditures to achieve compliance with federal regulations must be made).
With regard to the expenditures relating to that portion of DEQ's regulations which exceed federal standards, this exemption would not apply. However, LSA-R.S. 33:4169.1(A) authorizes every parish to assess a service charge against any person receiving the benefit of garbage and trash collection and disposal. In the vast majority of parishes, including Tensas, this fee does not require electoral approval. This would appear to satisfy one part of the criteria in Section 14(A) that a law provide for a local source of revenue.
As noted above, Section 14(A) further provides that, in addition to having a local source of revenue, the parish must be authorized by ordinance or resolution to collect this revenue. In the absence of such an ordinance or resolution, our courts have held that the conditions of Article VI, Section 14(A) have not been met, and the political subdivision is not required to incur the excess expenditures. Jefferson Parish Firefighters Association v. Parish of Jefferson, 579 So.2d 1062 (La.App. 5th Cir. 1991) Rehearing Denied.
We have been advised by representatives of the Tensas Parish Police Jury that there are currently no ordinances or resolutions authorizing the levy and collection of the service fee provided in LSA-R.S. 33:4169.1. Accordingly, the conditions in Section 14(A), necessary for requiring these increased expenditures, have not been met.
Finally, Section 14(B)(7) provides that where a law or regulation has an insignificant fiscal impact on the political subdivision, it must be implemented. Thus, assuming the state regulation exceeds the federal mandate, if the costs associated with the state regulation are reasonably minimal, they must be incurred by the Parish.
In summary, it is our opinion that, to the extent DEQ's regulations relating to the groundwater collection system seek compliance with federal regulations for landfills, they must be implemented by the parish. To the extent DEQ's mandate exceeds federal regulations and/or requirements, the police jury could successfully urge Article VI, Section 14 to avoid the expenditures related thereto, but only if the expenditures have a significant fiscal impact on the Parish.
Trusting this responds to your inquiries, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0175R
cc: Mr. John Sheppard Mr. Jim Thompson